1  Mark G. Tratos (Bar No. 1086)
   Ronald D. Green (Bar No. 7360)
2  Tyler R. Andrews (Bar. No. 9499)
   GREENBERG TRAURIG, LLP
3  3773 Howard Hughes Parkway
   Suite 400 North
4  Las Vegas, Nevada 89169
   Telephone: (702) 792-3773
5  Facsimile: (702) 792-9002

6  Counsel for Plaintiffs

7                    **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF NEVADA**

9  Fifty-Six Hope Road Music, Ltd., a          Case No. 2:08-cv-00105-PMP-GWF
   Bahamian corporation; and Zion
10 Rootswear, LLC, a Florida limited liability   **AMENDED COMPLAINT FOR**
   company                                       **DAMAGES AND INJUNCTIVE RELIEF**
11
   Plaintiffs,                                   (1) Unfair Competition under
12                                                   15 U.S.C. § 125(a)
   v.
13                                               (2) Trademark Infringement under
                                                     15 U.S.C. § 1114
14 A.V.E.L.A., Inc., a Nevada corporation; X
   ONE X Movie Archive, Inc., a Nevada          (3) Common Law Trademark Infringement
15 corporation; Jem Sportswear, a California
   corporation; Central Mills, Inc. (Freeze), a  (4) Unauthorized Commercial Use of Right
16 New York corporation; and Leo Valencia,          of Publicity under NRS 597.770
   an individual;
17                                               (5) Intentional Interference with
   Defendants.                                       Prospective Economic Advantage
18

19

20

21

22          For their amended complaint against Defendants, Plaintiffs Fixty-Six Hope Road

23 Music, Ltd ("Hope Road") and Zion Rootswear, LLC ("Rootswear") (collectively "Plaintiffs")

24 complain and allege as follows:

25                               **NATURE OF ACTION**

26          This is an action for unfair competition and trademark infringement under federal

27 statutes, with pendent claims for common law trademark infringement and unauthorized

28 commercial use of right of publicity.  Plaintiffs seek damages, attorneys' fees, costs, and

   preliminary and permanent injunctive relief.        1.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

**JURISDICTION**

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a).  This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendant A.V.E.L.A., Inc. ("Avela") based upon the following: (a) Avela is a Nevada corporation with a principal place of business in Reno, Nevada; (b) Avela has committed tortious acts within the State of Nevada that it knew of should have known would cause injury to Plaintiffs in the State of Nevada; and (c) Avela has designed, marketed, and sold infringing merchandise to retailers who are offering such merchandise to consumers in the State of Nevada.

3.      This Court has personal jurisdiction over Defendant X ONE X Movie Archive, Inc. ("X ONE X") based upon the following: (a) X ONE X is a Nevada corporation with a principal place of business in Reno, Nevada; (b) X ONE X has committed tortious acts within the State of Nevada that it knew of should have known would cause injury to Plaintiffs in the State of Nevada; and (c) X ONE X has designed, marketed, and sold infringing merchandise to retailers who are offering such merchandise to consumers in the State of Nevada.

4.      This Court has personal jurisdiction over Defendant Jem Sportswear ("Jem") based upon the following: (a) Jem is a California corporation with systematic and continuous business related contacts within the State of Nevada; (b) Jem has committed tortious acts within the State of Nevada that it knew of should have known would cause injury to Plaintiffs in the State of Nevada; and (c) Jem has designed, marketed, and sold infringing merchandise to retailers who are offering such merchandise to consumers in the State of Nevada.

5.      This Court has personal jurisdiction over Defendant Freeze (a division of Central Mills, Inc.) ("Freeze") based upon the following: (a) Freeze is a New York corporation with systematic and continuous business related contacts within the State of Nevada; (b) Freeze has committed tortious acts within the State of Nevada that it knew of

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

2.

should have known would cause injury to Plaintiffs in the State of Nevada; and (c) Freeze has designed, marketed, and sold infringing merchandise to retailers who are offering such merchandise to consumers in the State of Nevada.

6.      This Court has personal jurisdiction over Defendant Leo Valencia ("Valencia") based upon the following: (a) Valencia is an officer, employee, director, shareholder, authorized agent, member, manager, and/or alter ego of Avela; (b) Valencia has committed tortious acts within the State of Nevada that he knew of should have known would cause injury to Plaintiffs in the State of Nevada; and (c) Valencia has designed, marketed, and sold infringing merchandise to retailers who are offering such merchandise to consumers which benefit the corporation in the State of Nevada.

7.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c).  Venue lies in the unofficial Southern Division of this Court.

**PARTIES**

8.      Plaintiff Hope Road is a Bahamian corporation with a principal place of business at Aquamarine House, Cable Beach, Nassau, Bahamas.

9.      Plaintiff Rootswear is a Florida limited liability company with a principal place of business at 465 Tresca Road, Jacksonville, Florida.

10.      Upon information and belief, Defendant Avela is a Nevada corporation with a principal place of business at 1135 Terminal Way, Suite 209, Reno, NV 89502.

11.      Upon information and belief, Defendant X ONE X is a Nevada corporation with a principal place of business at 1135 Terminal Way, Suite 209, Reno, NV 89502.

12.      Upon information and belief, Defendant Jem is a California corporation with a principal place of business at 459 Park Avenue, San Fernando, CA 91340.

13.      Upon information and belief, Defendant Freeze is a division of Central Mills, Inc., which is a New York corporation with a principal place of business at 473 Ridge Road, Dayton, NJ 08810.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

3.

14.   Upon information and belief, Defendant Valencia is an individual residing in Reno, Nevada.

### ALLEGATIONS COMMON TO ALL COUNTS

15.   Hope Road is comprised primarily of the heirs and estate of the late, world-renowned Reggae performer Robert Nesta Marley ("Marley").

16.   At all times relevant to this action, Hope Road is and has been the owner of intellectual property and publicity rights for Marley (the "Marley Intellectual Property" or "I.P."), including but not limited to:

   a.   Common law rights in the name Bob Marley used in association with music and entertaining and merchandise which promote same.

   b.   U.S. Federal Trademark Registration 2349361 for the mark BOB MARLEY for, *inter alia*, T-shirts, thermal shirts, jackets, hats, caps, sweatshirts, ties and bandanas in International Class 025.

   c.   Nev. Registration for Right of Publicity for Robert Nesta Marley under NRS 597.800 (Reg. Vol. 1-89, Jan. 24, 2006)

17.   At all times relevant to this action, Rootswear was Hope Road's exclusive worldwide licensee for, among other things, T-shirts, jackets, hats, and other clothing and merchandise bearing the Marley Intellectual Property.

18.   Due to the world-renowned celebrity of Marley during his life and posthumously, the Marley Intellectual Property has become highly distinctive throughout Las Vegas, Nevada, the United States, and internationally.

19.   Hope Road and Rootswear have spent substantial sums of money in acquiring, advertising, licensing, enforcing, and promoting the Marley Intellectual Property on merchandise and in various forms of media throughout the United States and internationally.

20.   Upon information and belief, Defendants have been, and continue to be, in the business or designing, manufacturing, marketing, and offering for sale in commerce clothing and other fashion related merchandise.

4.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

21.     Upon information and belief, Defendants have been, and continue to be, designing, manufacturing, marketing, and offering for sale in commerce T-shirts and other fashion-related merchandise bearing the Marley Intellectual Property.

22.     Upon information and belief, Defendants maintain no rights or claims to ownership of any Marley Intellectual Property, and Defendants have not been granted permission or a license by Hope Road or Rootswear to manufacture, distribute, or sell any product bearing the Marley Intellectual Property.

23.     The merchandise designed, manufactured, marketed, and/or sold by Defendants bearing the Marley Intellectual Property are substantially similar to merchandise marketed and sold by Rootswear under Rootswear's exclusive license with Hope Road.

24.     Upon information and belief Defendants offered, bought and/or sold unauthorized products and merchandise bearing the Marley Intellectual Property to certain vendors displaying infringing merchandise at the at February 2007 MAGIC fashion tradeshow in Las Vegas, Nevada.

25.     On February 14, 2007, due to Defendants' infringing actions, Hope Road and Rootswear filed a Complaint against Avela, Valencia, Charles Friedman ("Friedman") and Fame Jeans, Inc. ("Fame") (collectively the "2007 Defendants") for Trademark Infringement and Unauthorized Use of Rights of Publicity in U.S. Federal Court, District of Nevada (Case No. 2:07-cv-194, the "2007 Action").

26.     On February 14, 2007, in conjunction with the 2007 Action, Hope Road and Rootswear filed an application for temporary restraining order and seizure order, and moved for a preliminary injunction against the 2007 Defendants.

27.     On February 15, 2007, the Court in the 2007 action granted a temporary restraining order and seizure order against the 2007 Defendants based on their unauthorized marketing and sales of merchandise infringing the Marley Intellectual Property.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

28.     On February 21, 2007 the Parties to the 2007 Action filed a stipulation to extend the temporary restraining order against the 2007 Defendants and postpone the preliminary injunction hearing while the Parties explored a potential settlement of the 2007 Action.

29.     In August of 2007, Hope Road and Rootswear entered into a settlement agreement with Friedman and Fame resolving all claims against Friedman and Fame in the 2007 Action.

30.     Hope Road and Rootswear were unable to reach a successful settlement of the 2007 Action with Defendants Avela and Valencia.

31.     On November 29, 2007, the 2007 Action was dismissed without prejudice.

32.     On or about December 20, 2007, representatives from Hope Road and Rootswear discovered T-shirts similar to the infringing merchandise at issue in the 2007 Action being sold at Target retail stores ("Target") bearing the Marley Intellectual Property.

33.     Upon information and belief, Defendants have been, and continue to be, designing, manufacturing, distributing, buying and/or selling infringing clothing and merchandise bearing the Marley Intellectual Property to various retailers, including but not limited to Target (the "Infringing Merchandise").

34.     Defendants actions in manufacturing, distributing, buying and/or selling the Infringing Merchandise have caused, and continues to cause, confusion among consumers who are led to believe that the Infringing Merchandise is authentic and licensed Marley merchandise, when in fact it is not.

35.     Based on, among other things, the allegations in the 2007 Action, the terms of the corresponding temporary restraining order, and the various demands from Hope Road and Rootswear, Defendants are fully aware that they lack the authority or license to design, manufacture, distribute, sell, exhibit, or market the Infringing Merchandise.

36.     By designing, manufacturing, distributing, buying and/or selling the Infringing Merchandise, Defendants were and are attempting to trade on the goodwill established by Hope Road and Rootswear in the Marley Intellectual Property.

ATL 16,999,090v2 12-29-08

37.     By designing, manufacturing, distributing, buying and/or selling the Infringing Merchandise, Defendants were and are attempting to create an association between the Infringing Merchandise and the authorized Marley merchandise sold and licensed through Hope Road and Rootswear.

38.     Upon information and belief, Defendants manufactured, distributed, bought and/or sold the Infringing Merchandise with the bad faith intent to profit from the name and likeness of Robert Nesta Marley and the associated and registered Rights of Publicity owned by Hope Road.

39.     Upon information and belief, Defendants' continued design, manufacture, buying, sale, distribution, exhibition, and/or marketing of the Infringing Merchandise constitutes federal and common law trademark infringement, unfair competition, unauthorized use of rights of publicity, and intentional interference with prospective economic advantage.

40.     Upon information and belief, Defendants did not believe or have reasonable grounds to believe that the design, marketing, distribution, buying, or sale of the Infringing Merchandise was a fair use or otherwise lawful.

**FIRST CLAIM FOR RELIEF**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

41.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

42.     Defendants have used and/or is using in commerce merchandise bearing the Marley Intellectual Property, and, thus is confusingly similar to the BOB MARLEY federally registered trademark (the "BOB MARLEY Mark").

43.     Defendants' use in commerce of the BOB MARLEY Mark, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' trademark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

44.     By using Plaintiffs' BOB MARLEY Mark with the knowledge that Plaintiffs own or have exclusive and enforceable licenses to use the BOB MARLEY Mark in Las Vegas,

7.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

across the United States, and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

45.     Defendants are using a mark identical to Plaintiffs' BOB MARLEY Mark in connection with the manufacture, distribution, purchase and sale of products in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiffs or as to the origin, sponsorship, or approval of Defendants' products and commercial activities by Plaintiffs.

46.     Defendants' use of the BOB MARLEY Mark has created a likelihood of confusion among consumers who may falsely believe that Defendants' products are associated with Plaintiffs' genuine merchandise bearing the Marley Intellectual Property or that Plaintiffs sponsor or approve of Defendants' products or commercial activities.

47.     As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

### SECOND CLAIM FOR RELIEF
(Unfair Competition under the
Lanham Act, 15 U.S.C. § 1125(a))

48.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

49.     Defendants' unauthorized use in commerce of the Marley Intellectual Property in connection with Defendants clothing and fashion related merchandise constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiffs.

50.     Defendants' use in commerce of the Marley Intellectual Property with the knowledge that Plaintiffs own the exclusive right to the commercial use of the Marley Intellectual Property, constitutes intentional conduct by Defendants to make false

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

8.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

1  designations of origin and false descriptions about Defendants' products and commercial

2  activities.

3      51.     As a direct and proximate result of such unfair competition, Plaintiffs have

4  suffered, and will continue to suffer, monetary loss and irreparable injury to their business,

5  reputation, and goodwill.

6                                    **THIRD CLAIM FOR RELIEF**

7                              (Common Law Trademark Infringement)

8      52.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set

9  forth herein.

10     53.     By virtue of having used and continuing to use the BOB MARLEY Mark, Hope

11  Road and Rootswear have acquired common law rights in that mark.

12     54.     Defendants' use of the BOB MARLEY Mark infringes Plaintiffs' common law

13  rights in its trademark, and this use is likely to cause confusion, mistake, or deception

14  among consumers, who will believe that Defendants' products, clothing, and fashion related

15  merchandise are affiliated with, or endorsed by Plaintiffs when, in fact, they are not.

16     55.     As a direct and proximate result of Defendants' infringement of Plaintiffs'

17  common law trademark rights under Nevada and other common law, Plaintiffs have

18  suffered, and will continue to suffer, monetary damages and irreparable injury to their

19  business, reputation, and goodwill.

20                                   **FOURTH CLAIM FOR RELIEF**
                              (Unauthorized Commercial Use of Right of Publicity
21                                 under N.R.S. § 597.770 *et seq.*)

22     56.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set

23  forth herein.

24     57.     Throughout his life, Marley, as a world-renowned reggae musician and

25  performer, acquired valuable goodwill and commercial value in his persona including but

26  not limited to his name, voice, signature, photograph, and likeness in Nevada, throughout

27  the United States, and internationally.

28

9.

58.     Under Nevada law, the goodwill and commercial value in Marley's name, voice, signature, photograph, likeness, and his Rights of Publicity creates an absolute, incorporeal, and transferable property right in such goodwill and commercial value.

59.     On January 24, 2006, as successor-in-interest to the Marley Intellectual Property and as heirs to the estate of Robert Nesta Marley, Hope Road registered its claim to the rights of publicity in Robert Nesta Marley (the "Marley Rights of Publicity") with the Nevada Secretary of State pursuant to NRS 597.800.

60.     Defendants have used in commerce, and continue to use in commerce, the name, voice, signature, photograph, and/or likeness of Marley on merchandise, in media, and on marketing materials, without the consent of Hope Road.

61.     As a direct and proximate result of Defendants' infringement of the Marley Rights of Publicity under NRS 597.800, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

62.     Upon information and belief, Defendants were fully aware that Hope Road, as the successor-in-interest to the Marley Rights of Publicity, was the only entity that could consent to the commercial use of Marley's name, voice, signature, photograph, and/or likeness, and that Defendants had not obtained such consent from Hope Road.

63.     Due to Defendants' knowing infringement of the Marley Rights of Publicity, Plaintiffs are entitled to an award of exemplary and/or punitive damages.

**FIFTH CLAIM FOR RELIEF**
(Intentional Interference with
Prospective Economic Advantage)

64.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

65.     Upon information and belief, at the time Defendants adopted and began using the Marley Intellectual Property and since that time, Defendants knew and have known that Plaintiffs are the sole entities with the right and authority to use the Marley Intellectual Property in commerce.

66.     Upon information and belief, Defendants committed acts intended or

10.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

designed to disrupt Plaintiffs' prospective economic advantage arising from advertising and/or providing products bearing the Marley Intellectual Property.

67.     Defendants' actions have disrupted or are intended to disrupt Plaintiffs' business by, among other things, diverting customers away from genuine authorized products bearing the Marley Intellectual Property to Defendants' unauthorized products bearing the same.

68.     Defendants have no legal right, privilege or justification for their conduct.

69.     As a direct and proximate result of Defendants' intentional interference with Plaintiffs' prospective economic advantage, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury.

70.     Based on the intentional, willful and malicious nature of Defendants' actions, Plaintiffs are entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

**PRAYER FOR RELIEF**

WHEREFORE, Hope Road and Rootswear respectfully pray that the Court grant the following relief:

A.     A preliminary and permanent injunction prohibiting Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, from: (1) using the BOB MARLEY Mark, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, clothing and fashion related merchandise); and (2) using Marley's name, voice, signature, photograph, or likeness in commerce or in connection with any business or for any other purpose (including, but not limited to, clothing and fashion related merchandise);

B.     A preliminary and permanent injunction requiring any known and current retailers of the Infringing Merchandise to transfer any and all such merchandise to Plaintiffs;

C.     An award of compensatory, consequential, statutory, and punitive damages to Hope Road and Rootswear in an amount to be determined at trial;

11.

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

1        D.     An award of interest, costs and attorneys' fees incurred by Hope Road and

2    Rootswear in prosecuting this action; and

3        E.     All other relief to which Hope Road and Rootswear are entitled.

4    DATED:  December 29, 2008.

5                                             GREENBERG TRAURIG, LLP

6

7                                        /s/ Tyler R. Andrews
                                   Mark G. Tratos (Bar No. 1086)

8                                       Ronald D. Green (Bar No. 7360)
                                   Tyler R. Andrews (Bar No. 9499)

9                                       3773 Howard Hughes Parkway
                                   Suite 400 North

10                                      Las Vegas, Nevada 89169
                                   Counsel for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

12.