1   MANATT, PHELPS & PHILLIPS, LLP
    JILL M. PIETRINI (Bar No. CA 138335) (admitted *pro hac vice*)
2     e-mail:  jpietrini@manatt.com
    BARRY E. MALLEN (Bar No. CA 120005) (admitted *pro hac vice*)
3     e-mail:  bmallen@manatt.com
    PAUL A. BOST (Bar No. CA  261531) (admitted *pro hac vice*)
4     e-mail:  pbost@manatt.com
    11355 West Olympic Boulevard
5   Los Angeles, CA  90064-1614
    Telephone:  (310) 312-4000
6   Facsimile:  (310) 312-4224

7   *Counsel for Plaintiffs and Counter-Defendants*
    FIFTY-SIX HOPE ROAD MUSIC, LTD.
8   and ZION ROOTSWEAR, LLC

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11

12   Fifty-Six Hope Road Music, Ltd., a          Case No. 2:08-cv-00105-PMP-GWF
     Bahamian corporation; Zion
13   Rootswear, LLC, a Florida limited           **SECOND AMENDED COMPLAINT FOR**
     liability company; and The Robert           **DAMAGES AND INJUNCTIVE RELIEF**
14   Marley Foundation, Ltd., a Jamaican
     corporation,                                (1)   Trademark Infringement under
15                                                     15 U.S.C. § 1114 – BOB MARLEY mark
                    Plaintiffs and              (2)   Unfair Competition under 15 U.S.C.
16                  Counter-Defendants,                § 1125(a)
                                                (3)   Trademark Infringement under
17          vs.                                        15 U.S.C. § 1114 of TUFF GONG &
                                                       Design
18   A.V.E.L.A., Inc., a Nevada corporation;   (4)   Counterfeiting of TUFF GONG & Design
     X ONE X Movie Archive, Inc., a            (5)   Trademark Infringement under
19   Nevada corporation; Jem Sportswear,              15 U.S.C. § 1114 of ROOTS ROCK
     a California corporation; Central Mills,         REGGAE Mark
20   Inc. (Freeze), a New York corporation;    (6)   Counterfeiting of ROOTS ROCK
     and Leo Valencia, an individual,                 REGGAE Mark
21                                              (7)   Common Law Trademark Infringement
                    Defendants and             (8)   Unauthorized Commercial Use of Right
22                  Counterclaimants.                 of Publicity under NRS 597.770
                                                (9)   Intentional Interference with Prospective
23   AND RELATED COUNTERCLAIMS.                        Economic Advantage

24

25

26

27

28

MANATT, PHELPS &
  PHILLIPS, LLP
ATTORNEYS AT LAW
  LOS ANGELES

1   Plaintiffs and counter-defendants Fifty-Six Hope Road Music, Ltd ("Hope Road"),

2   Zion Rootswear, LLC ("Rootswear"), and the Robert Marley Foundation, Ltd. ("Marley

3   Foundation") (collectively "Plaintiffs") complain and allege as follows against Defendants.

4   and counterclaimants A.V.E.L.A., Inc. X One X Movie Archive, Inc., Jem Sportswear,

5   Central Mills, Inc. (Freeze), and Leo Valencia (collectively, "Defendants"):

**NATURE OF ACTION**

7   This is an action for unfair competition, trademark infringement, and counterfeiting

8   under the Lanham Act, with pendent claims for common law trademark infringement and

9   unauthorized commercial use of right of publicity.  Plaintiffs seek damages, attorneys'

10   fees, costs, and injunctive relief, among other things.

**JURISDICTION**

12   1.   This Court has subject matter jurisdiction over this case pursuant to

13   28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs'

14   state law claims pursuant to 28 U.S.C. § 1367(a).

15   2.   This Court has personal jurisdiction over Defendant A.V.E.L.A., Inc.

16   ("Avela") based upon the following:  (a) Avela is a Nevada corporation with a principal

17   place of business in Reno, Nevada; (b) Avela has committed tortious acts within the

18   State of Nevada that it knew of should have known would cause injury to Plaintiffs in the

19   State of Nevada; and (c) Avela has designed, marketed, and sold infringing merchandise

20   to retailers who are offering such merchandise to consumers in the State of Nevada.

21   3.   This Court has personal jurisdiction over Defendant X ONE X Movie

22   Archive, Inc. ("X ONE X") based upon the following:  (a) X ONE X is a Nevada

23   corporation with a principal place of business in Reno, Nevada; (b) X ONE X has

24   committed tortious acts within the State of Nevada that it knew of should have known

25   would cause injury to Plaintiffs in the State of Nevada; and (c) X ONE X has designed,

26   marketed, and sold infringing merchandise to retailers who are offering such

27   merchandise to consumers in the State of Nevada.

28   4.   This Court has personal jurisdiction over Defendant Jem Sportswear

1  ("Jem") based upon the following:  (a) Jem is a California corporation with systematic

2  and continuous business related contacts within the State of Nevada; (b) Jem has

3  committed tortious acts within the State of Nevada that it knew of should have known

4  would cause injury to Plaintiffs in the State of Nevada; and (c) Jem has designed,

5  marketed, and sold infringing merchandise to retailers who are offering such

6  merchandise to consumers in the State of Nevada.

7      5.      This Court has personal jurisdiction over Defendant Freeze (a division of

8  Central Mills, Inc.) ("Freeze") based upon the following:  (a) Freeze is a New York

9  corporation with systematic and continuous business related contacts within the State of

10  Nevada; (b) Freeze has committed tortious acts within the State of Nevada that it knew

11  or should have known would cause injury to Plaintiffs in the State of Nevada; and (c)

12  Freeze has designed, marketed, and sold infringing merchandise to retailers who are

13  offering such merchandise to consumers in the State of Nevada.

14      6.      This Court has personal jurisdiction over Defendant Leo Valencia

15  ("Valencia") based upon the following:  (a) Valencia is an officer, employee, director,

16  shareholder, authorized agent, member, manager, and/or alter ego of Avela; (b)

17  Valencia has committed tortious acts within the State of Nevada that he knew of should

18  have known would cause injury to Plaintiffs in the State of Nevada; and (c) Valencia has

19  designed, marketed, and sold infringing merchandise to retailers who are offering such

20  merchandise to consumers which benefit the corporation in the State of Nevada.

21      7.      Venue is proper in the United States District Court for the District of

22  Nevada under 28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division

23  of this Court.

24                                    **PARTIES**

25      8.      Plaintiff Hope Road is a Bahamian corporation with a principal place of

26  business at Aquamarine House, Cable Beach, Nassau, Bahamas.

27      9.      Plaintiff Rootswear is a Florida limited liability company with a principal

28  place of business at 465 Tresca Road, Jacksonville, Florida.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    10.    Plaintiff Marley Foundation is a Jamaican corporation with a principal place

2  of business at 56 Hope Road, Kingston, Jamaica.

3    11.    Upon information and belief, Defendant Avela is a Nevada corporation with

4  a principal place of business at 1135 Terminal Way, Suite 209, Reno, NV 89502.

5    12.    Upon information and belief, Defendant X ONE X is a Nevada corporation

6  with a principal place of business at 1135 Terminal Way, Suite 209, Reno, NV 89502.

7    13.    Upon information and belief, Defendant Jem is a California corporation with

8  a principal place of business at 459 Park Avenue, San Fernando, CA 91340.

9    14.    Upon information and belief, Defendant Freeze is a division of Central

10  Mills, Inc., which is a New York corporation with a principal place of business at 473

11  Ridge Road, Dayton, NJ 08810.

12    15.    Upon information and belief, Defendant Valencia is an individual residing in

13  Reno, Nevada.

14    **ALLEGATIONS COMMON TO ALL COUNTS**

15    16.    Hope Road is comprised primarily of the heirs and estate of the late, world-

16  renowned Reggae performer Robert Nesta Marley ("Marley").

17    17.    At all times relevant to this action, Hope Road is and has been the owner

18  of intellectual property and publicity rights for Marley, including but not limited to:

19    A.    Common law rights in the trademarks BOB MARLEY and MARLEY

20  used in association with music and entertaining and merchandise which promote same.

21    B.    U.S. Registration No. 2,349,361 for the mark BOB MARLEY for,

22  *inter alia*, t-shirts, thermal shirts, jackets, hats, caps, sweatshirts, ties and bandanas in

23  International Class 25.  A true and correct copy of U.S. Reg. No. 2,349,361 is attached

24  hereto as **Exhibit A**.  U.S. Reg. No. 2,349,361 is incontestable, valid and subsisting.

25    C.    U.S. Registration No. 3,456,802 for the mark ROOTS ROCK

26  REGGAE for clothing, namely, t-shirts, hats and caps in International Class 25.  A true

27  and correct copy of U.S. Reg. No. 3,456,082 is attached hereto as **Exhibit B.**

28    D.    Nev. Registration for Right of Publicity for Robert Nesta Marley

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    under NRS 597.800 (Reg. Vol. 1-89, Jan. 24, 2006). A true and correct copy of Hope

2    Road's registration of the rights of publicity associated with Bob Marley is attached

3    hereto as **Exhibit C**. Such registration and the rights of publicity associated therewith

4    are valid and subsisting.

5         18.    At all times relevant to this action, Marley Foundation, under exclusive

6    license from Hope Road, is and has been the owner of certain intellectual property rights

7    for Marley, including U.S. Registration No. 1,866,146 for the mark TUFF GONG &

8    Design for t-shirts, hats, and sweatshirts in International Class 25, shown below:



12   A true and correct copy of U.S. Reg. No. 1,866,146 is attached hereto as **Exhibit D**.

13   U.S. Reg. No. 1,866,146 is incontestable, valid and subsisting.

14        19.    At all times relevant to this action, Rootswear was Hope Road's exclusive

15   worldwide licensee for, among other things, t-shirts, jackets, hats, and other clothing and

16   merchandise bearing the above-referenced intellectual property and publicity rights for

17   Marley (the "Marley Intellectual Property" or "I.P.").

18        20.    Due to the world-renowned celebrity of Marley during his life and

19   posthumously, the Marley Intellectual Property has become highly distinctive throughout

20   Las Vegas, Nevada, the United States, and internationally.

21        21.    Hope Road, Marley Foundation and Rootswear have spent substantial

22   sums of money in acquiring, advertising, licensing, enforcing, and promoting the Marley

23   Intellectual Property on merchandise and in various forms of media throughout the

24   United States and internationally.

25        22.    Upon information and belief, Defendants have been, and continue to be, in

26   the business or designing, manufacturing, marketing, and offering for sale in commerce,

27   clothing and other fashion related merchandise.

28        23.    Upon information and belief, Defendants have been, and continue to be,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

1   designing, manufacturing, marketing, and offering for sale in commerce t-shirts and other

2   fashion-related merchandise bearing the Marley Intellectual Property ("Infringing

3   Merchandise").

4       24.    Defendants maintain no rights or claims to ownership of any Marley

5   Intellectual Property, and Defendants have not been granted permission or a license by

6   Hope Road, Marley Foundation or Rootswear to manufacture, distribute, or sell any

7   product bearing the Marley Intellectual Property.

8       25.    The Infringing Merchandise designed, manufactured, marketed, and/or

9   sold by Defendants is substantially similar to merchandise marketed and sold by

10  Plaintiffs.

11      26.    Upon information and belief, Defendants offered, bought and/or sold the

12  Infringing Merchandise to certain vendors displaying infringing merchandise at the

13  February 2007 MAGIC fashion tradeshow in Las Vegas, Nevada.

14      27.    On February 14, 2007, due to Defendants' infringing actions, Hope Road

15  and Rootswear filed a complaint against Avela, Valencia, Charles Friedman ("Friedman")

16  and Fame Jeans, Inc. ("Fame") (collectively the "2007 Defendants") for trademark

17  infringement and unauthorized use of rights of publicity in U.S. Federal Court, District of

18  Nevada (Case No. 2:07-cv-194, the "2007 Action").

19      28.    On February 14, 2007, in conjunction with the 2007 Action, Hope Road and

20  Rootswear filed an application for temporary restraining order and seizure order, and

21  moved for a preliminary injunction against the 2007 Defendants.

22      29.    On February 15, 2007, the Court in the 2007 Action granted a temporary

23  restraining order and seizure order against the 2007 Defendants based on their

24  unauthorized marketing and sales of merchandise infringing the Marley Intellectual

25  Property.

26      30.    On February 21, 2007, the parties to the 2007 Action filed a stipulation to

27  extend the temporary restraining order against the 2007 Defendants and postpone the

28  preliminary injunction hearing while the parties explored a potential settlement of the

1    2007 Action.

2        31.    In August of 2007, Hope Road and Rootswear entered into a settlement

3    agreement with Friedman and Fame resolving all claims against Friedman and Fame in

4    the 2007 Action.

5        32.    Hope Road and Rootswear were unable to reach a successful settlement

6    of the 2007 Action with Avela and Valencia.

7        33.    On November 29, 2007, the 2007 Action was dismissed without prejudice.

8        34.    On or about December 20, 2007, representatives from Hope Road and

9    Rootswear discovered t-shirts similar to the infringing merchandise at issue in the 2007

10   Action being sold at Target retail stores bearing the Marley Intellectual Property.

11       35.    Upon information and belief, Defendants have been, and continue to be,

12   designing, manufacturing, distributing, buying and/or selling the Infringing Merchandise

13   to Target and other national retailers.

14       36.    Defendants' actions in manufacturing, distributing, buying and/or selling the

15   Infringing Merchandise have caused, and continues to cause, confusion among

16   consumers who are led to believe that the Infringing Merchandise is authentic and

17   licensed Marley merchandise, when in fact it is not.

18       37.    Based on, among other things, the allegations in the 2007 Action, the

19   terms of the corresponding temporary restraining order, and the various demands from

20   Hope Road and Rootswear, Defendants are fully aware that they lack the authority or

21   license to design, manufacture, distribute, sell, exhibit, or market the Infringing

22   Merchandise.

23       38.    By designing, manufacturing, distributing, buying and/or selling the

24   Infringing Merchandise, Defendants were and are attempting to trade on the goodwill

25   established by Plaintiffs in the Marley Intellectual Property.

26       39.    By designing, manufacturing, distributing, buying and/or selling the

27   Infringing Merchandise, Defendants were and are attempting to create an association

28   between the Infringing Merchandise and the authorized Marley merchandise sold and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

licensed by Plaintiffs.

40.    Upon information and belief, Defendants manufactured, distributed, bought and/or sold the Infringing Merchandise with the bad faith intent to profit from the name and likeness of Robert Nesta Marley and the associated and registered Rights of Publicity owned by Hope Road.

41.    Upon information and belief, Defendants' continued design, manufacture, buying, sale, distribution, exhibition, and/or marketing of the Infringing Merchandise constitutes federal and common law trademark infringement, unfair competition, unauthorized use of rights of publicity, and intentional interference with prospective economic advantage.

42.    Upon information and belief, Defendants did not believe or have reasonable grounds to believe that the design, marketing, distribution, buying, or sale of the Infringing Merchandise was a fair use or otherwise lawful.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement under**
**the Lanham Act, 15 U.S.C. § 1114)**

43.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

44.    Defendants have used and/or are using in commerce merchandise bearing the Marley Intellectual Property, and, thus is confusingly similar to the BOB MARLEY federally registered trademark (the "BOB MARLEY Mark").

45.    Defendants' use in commerce of the BOB MARLEY Mark, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' trademark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

46.    By using Plaintiffs' BOB MARLEY Mark or a mark confusingly similar thereto with the knowledge that Plaintiffs own or have exclusive and enforceable licenses to use the BOB MARLEY Mark in Las Vegas, across the United States, and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

47. Defendants are using a mark identical, or at the least similar, to Plaintiffs' BOB MARLEY Mark in connection with the manufacture, distribution, purchase and sale of products in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiffs or Bob Marley, or as to the origin, sponsorship, or approval of Defendants' products and commercial activities by Plaintiffs.

48. Defendants' use of the BOB MARLEY Mark or a mark confusingly similar thereto has created a likelihood of confusion among consumers who may falsely believe that Defendants' products are associated with Plaintiffs' genuine merchandise bearing the Marley Intellectual Property or that Plaintiffs sponsor or approve of Defendants' products or commercial activities.

49. Defendants' actions constitute infringement of the BOB MARLEY Mark in violation of 15 U.S.C. § 1114.

50. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition/False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a))**

51. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

52. Defendants' unauthorized use in commerce of the Marley Intellectual Property in connection with Defendants' clothing and fashion related merchandise constitutes a false designation of origin, a false or misleading description or representation of fact, and/or a false endorsement, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiffs or Bob Marley, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiffs.

53. Defendants' use in commerce of the Marley Intellectual Property with the

1  knowledge that Plaintiffs own the exclusive right to the commercial use of the Marley

2  Intellectual Property, constitutes intentional conduct by Defendants to make false

3  designations of origin, false descriptions about Defendants' products and commercial

4  activities, and false endorsement of Defendants' products.

5        54.  Defendants' actions constitute false designation of origin and unfair

6  competition under 15 U.S.C. § 1125(a).

7        55.  As a direct and proximate result of such unfair competition, Plaintiffs have

8  suffered, and will continue to suffer, monetary loss and irreparable injury to their

9  business, reputation, and goodwill.

**THIRD CLAIM FOR RELIEF**
**(Trademark Infringement**
**under the Lanham Act, 15 U.S.C. § 1114)**

12        56.  Plaintiffs incorporate the allegations in the preceding paragraphs as if fully

13  set forth herein.

14        57.  Defendants have used and/or are using in commerce merchandise bearing

15  the Marley Intellectual Property, specifically images of Bob Marley, and thus is

16  confusingly similar to the TUFF GONG & Design federally registered trademark, which

17  includes the image of Bob Marley (the "TUFF GONG Mark").

18        58.  Defendants' use in commerce of images of Bob Marley on products

19  constitutes a reproduction, copying, and colorable imitation of the TUFF GONG Mark in

20  a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

21        59.  Defendants have intended to cause confusion, cause mistake, or deceive

22  consumers by their use of Bob Marley's image, among other things, on products.

23        60.  Defendants' use of Bob Marley's image in connection with the

24  manufacture, distribution, purchase and sale of products is in a manner that is likely to

25  cause confusion, or to cause mistake, or to deceive consumers as to affiliation,

26  connection, or association with Plaintiffs or Bob Marley or as to the origin, sponsorship,

27  or approval of Defendants' products and commercial activities by Plaintiffs.

28        61.  Defendants' use of Bob Marley's image constitutes infringement of the

1   TUFF GONG Mark in violation of 15 U.S.C. § 1114.

2        62.    As a direct and proximate result of Defendants' infringement, Plaintiffs

3   have suffered, and will continue to suffer, monetary loss and irreparable injury to their

4   business, reputation, and goodwill.

5                        **FOURTH CLAIM FOR RELIEF**
                              **(Counterfeiting Under**
6              **15 U.S.C. § 1114, § 1116(d), and § 1117)**

7        63.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully

8   set forth herein.

9        64.    Defendants have used and/or are using in commerce merchandise bearing

10   the Marley Intellectual Property, specifically images of Bob Marley, and thus is

11   confusingly similar to the TUFF GONG Mark, which is a federally registered trademark

12   and includes the image of Bob Marley.

13       65.    Defendants' use in commerce of images of Bob Marley on products

14   constitutes a reproduction, copying, and colorable imitation of the TUFF GONG Mark in

15   a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

16       66.    Defendants have intended to cause confusion, cause mistake, or deceive

17   consumers and to profit from the unauthorized use of the image of Bob Marley among

18   other things, on merchandise.

19       67.    Defendants are using images of Bob Marley that are substantially

20   indistinguishable from the TUFF GONG Mark in connection with the manufacture,

21   distribution, purchase and sale of products in a manner that is likely to cause confusion,

22   or to cause mistake, or to deceive consumers as to affiliation, connection, or association

23   with Plaintiffs or Bob Marley or as to the origin, sponsorship, or approval of Defendants'

24   products and commercial activities by Plaintiffs.

25       68.    Defendants' actions constitute counterfeiting under 15 U.S.C. §1114,

26   1116(d), and 1117(b) and (c).

27       69.    As a direct and proximate result of Defendants' counterfeiting, Plaintiffs

28   have suffered, and will continue to suffer, monetary loss and irreparable injury to their

1    business, reputation, and goodwill.

2                              **FIFTH CLAIM FOR RELIEF**
                              **(Trademark Infringement under**
3                            **the Lanham Act, 15 U.S.C. § 1114)**

4         70.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully

5    set forth herein.

6         71.    Defendants have used and/or are using in commerce merchandise bearing

7    the Marley Intellectual Property, and thus is confusingly similar to the ROOTS ROCK

8    REGGAE federally registered trademark (the "ROOTS ROCK REGGAE Mark").

9         72.    Defendants' use in commerce of the ROOTS ROCK REGGAE Mark,

10   constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs'

11   trademark in a manner that is likely to cause confusion or mistake or is likely to deceive

12   consumers.

13        73.    By using Plaintiffs' ROOTS ROCK REGGAE Mark or a mark confusingly

14   similar thereto with the knowledge that Plaintiffs own or have exclusive and enforceable

15   licenses to use the ROOTS ROCK REGGAE Mark in Las Vegas, across the United

16   States, and around the world, Defendants have intended to cause confusion, cause

17   mistake, or deceive consumers.

18        74.    Defendants are using a mark identical, or at the least similar, to Plaintiffs'

19   ROOTS ROCK REGGAE Mark in connection with the manufacture, distribution,

20   purchase and sale of products in a manner that is likely to cause confusion, or to cause

21   mistake, or to deceive consumers as to affiliation, connection, or association with

22   Plaintiffs or Bob Marley, or as to the origin, sponsorship, or approval of Defendants'

23   products and commercial activities by Plaintiffs.

24        75.    Defendants' use of the ROOTS ROCK REGGAE Mark or a mark

25   confusingly similar thereto has created a likelihood of confusion among consumers who

26   may falsely believe that Defendants' products are associated with Plaintiffs' genuine

27   merchandise bearing the Marley Intellectual Property or that Plaintiffs sponsor or

28   approve of Defendants' products or commercial activities.

76.     Defendants' actions constitute infringement of the BOB MARLEY Mark in violation of 15 U.S.C. § 1114.

77.     As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

## SIXTH CLAIM FOR RELIEF
### (Counterfeiting Under
### 15 U.S.C. § 1114, § 1116(d), and § 1117

78.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

79.     Defendants have used and/or are using in commerce merchandise bearing the Marley Intellectual Property, specifically the ROOTS ROCK REGGAE Mark or marks confusingly similar thereto, and thus is confusingly similar to the ROOTS ROCK REGGAE Mark, which is a federally registered trademark.

80.     Defendants' use in commerce of images of Bob Marley on products constitutes a reproduction, copying, and colorable imitation of the ROOTS ROCK REGGAE Mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

81.     Defendants have intended to cause confusion, cause mistake, or deceive consumers and to profit from the unauthorized use of the image of Bob Marley among other things, on merchandise.

82.     Defendants are using images of Bob Marley that are substantially indistinguishable from the ROOTS ROCK REGGAE Mark in connection with the manufacture, distribution, purchase and sale of products in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiffs or Bob Marley or as to the origin, sponsorship, or approval of Defendants' products and commercial activities by Plaintiffs.

83.     Defendants' actions constitute counterfeiting under 15 U.S.C. §1114, 1116(d), and 1117(b) and (c).

84.   As a direct and proximate result of Defendants' counterfeiting, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

85.   Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

86.   By virtue of having used and continuing to use the BOB MARLEY Mark and the image of Bob Marley, Plaintiffs have acquired common law rights in those marks.

87.   Defendants' use of the BOB MARLEY Mark, MARLEY, and images of Bob Marley infringes Plaintiffs' common law rights in the BOB MARLEY and MARLEY trademarks and the TUFF GONG Mark and image of Bob Marley therein, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' products, clothing, and fashion related merchandise are affiliated or connected with, or endorsed, licensed, or sponsored by Plaintiffs or Bob Marley when, in fact, they are not.

88.   As a direct and proximate result of Defendants' infringement of Plaintiffs' common law trademark rights under Nevada and other common law, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

## EIGHTH CLAIM FOR RELIEF
### (Unauthorized Commercial Use of Right of Publicity under N.R.S. § 597.770 *et seq.*)

89.   Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

90.   Throughout his life, Marley, as a world-renowned reggae musician and performer, acquired valuable goodwill and commercial value in his persona including but not limited to his name, voice, signature, photograph, and likeness in Nevada,

throughout the United States, and internationally.

91.    Under Nevada law, the goodwill and commercial value in Marley's name, voice, signature, photograph, likeness, and his Rights of Publicity creates an absolute, incorporeal, and transferable property right in such goodwill and commercial value.

92.    On January 24, 2006, as successor-in-interest to the Marley Intellectual Property and as heirs to the estate of Robert Nesta Marley, Hope Road registered its claim to the rights of publicity in Robert Nesta Marley (the "Marley Rights of Publicity") with the Nevada Secretary of State pursuant to NRS 597.800.  Hope Road has also registered the rights of publicity in other states.

93.    Defendants have used in commerce, and continue to use in commerce, the name, voice, signature, photograph, and/or likeness of Marley on merchandise, in media, and on marketing materials, without the consent of Hope Road.

94.    As a direct and proximate result of Defendants' infringement of the Marley Rights of Publicity under NRS 597.800, Plaintiffs have suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation, and goodwill.

95.    Upon information and belief, Defendants were fully aware that Hope Road, as the successor-in-interest to the Marley Rights of Publicity, was the only entity that could consent to the commercial use of Marley's name, voice, signature, photograph, and/or likeness, and that Defendants had not obtained such consent from Hope Road.

96.    Due to Defendants' knowing infringement of the Marley Rights of Publicity, Plaintiffs are entitled to an award of exemplary and/or punitive damages.

### NINTH CLAIM FOR RELIEF
### (Intentional Interference with
### Prospective Economic Advantage)

97.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

98.    Upon information and belief, at the time Defendants adopted and began using the Marley Intellectual Property and since that time, Defendants knew and have

1    known that Plaintiffs are the sole entities with the right and authority to use the Marley

2    Intellectual Property in commerce.

3        99.    Upon information and belief, Defendants committed acts intended or

4    designed to disrupt Plaintiffs' prospective economic advantage arising from advertising

5    and/or providing products bearing the Marley Intellectual Property.

6        100.   Defendants' actions have disrupted or are intended to disrupt Plaintiffs'

7    business by, among other things, diverting customers away from genuine authorized

8    products bearing the Marley Intellectual Property to Defendants' unauthorized products

9    bearing the same.

10       101.   Defendants have no legal right, privilege or justification for their conduct.

11       102.   As a direct and proximate result of Defendants' intentional interference with

12   Plaintiffs' prospective economic advantage, Plaintiffs have suffered, and will continue to

13   suffer, monetary damages and irreparable injury.

14       103.   Based on the intentional, willful and malicious nature of Defendants'

15   actions, Plaintiffs are entitled to recover exemplary damages and reasonable attorneys'

16   fees and costs incurred in connection with this action.

17                          **PRAYER FOR RELIEF**

18       WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

19       A.    Finding that Defendants have infringed the BOB MARLEY Mark

20   under 15 U.S.C. § 1114; infringed the BOB MARLEY and MARLEY trademarks  under

21   the common law; infringed the TUFF GONG Mark under 15 U.S.C. § 1114 and under the

22   common law; have counterfeited the TUFF GONG Mark under 15 U.S.C. § 1114, 1116,

23   and 1117; have infringed the ROOTS ROCK REGGAE Mark under 15 U.S.C. § 1114

24   and under the common law; have counterfeited the ROOTS ROCK REGGAE Mark

25   under 15 U.S.C. §§ 1114, 1116(d) and 1117; have violated 15 U.S.C. § 1125(a); have

26   violated the rights of publicity associated with Bob Marley; and have intentionally

27   interfered with prospective business advantage of Plaintiffs;

28       B.    Ordering a preliminary and permanent injunction, on a worldwide

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1  basis, prohibiting Defendants, their respective officers, agents, servants, employees,

2  licensees, related companies, assigns, attorneys, and/or all persons acting in concert or

3  participation with them, from:  (1) using the BOB MARLEY Mark, the MARLEY Mark, the

4  TUFF GONG Mark, or the ROOTS ROCK REGGAE Mark alone or in combination with

5  any other letters, words, letter strings, phrases, images, or designs, in commerce or in

6  connection with any business or for any other purpose (including, but not limited to,

7  clothing and fashion related merchandise) or any mark, name, symbol, logo, or other

8  indicia likely to be confused with the BOB MARLEY Mark, the MARLEY Mark, the TUFF

9  GONG Mark, or the ROOTS ROCK REGGAE Mark or likely to cause mistake, or to

10  deceive as to the affiliation, connection, or association of Defendants with Plaintiffs or

11  any of them, or as to the origin, sponsorship, or approval of their goods, services, or

12  commercial activities; (2) using Marley's name, voice, signature, photograph, or likeness

13  in commerce or in connection with any business or for any other purpose (including, but

14  not limited to, clothing and fashion related merchandise); (3) using Bob Marley's image

15  or any other image that is a counterfeit, copy, colorable imitation or, incorporates or is

16  substantially indistinguishable from the TUFF GONG Mark; and (4) knowingly assisting,

17  inducing, aiding or abetting any other person or business in engaging in or performing

18  any of the activities referred to in Paragraph B(1)-(3);

19          C.      Ordering a preliminary and permanent injunction, on a worldwide

20  basis, requiring any known and current retailers of the Infringing Merchandise to transfer

21  any and all such merchandise to Plaintiffs;

22          D.      Ordering that Hope Road is the exclusive owner of the Marley

23  Intellectual Property and that said intellectual property is valid;

24          E.      Ordering an award of compensatory, consequential, statutory, and

25  punitive damages to Plaintiffs in an amount to be determined at trial;

26          F.      Ordering that Defendants account to Plaintiffs for any and all profits

27  earned or received as a result of Defendants' aforesaid acts of infringement,

28  counterfeiting, false designation of origin and unfair competition, violation of right of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1   publicity, and intentional interference with prospective economic advantage;

2           G.      Ordering an award of interest, costs and attorneys' fees incurred by

3   Plaintiffs in prosecuting this action;

4           H.      Ordering pre-judgment interest; and

5           I.      All other relief to which Plaintiffs are entitled.

6                                           MANATT, PHELPS & PHILLIPS LLP

7

8   Dated:   July 22, 2009              By:   /s/ Jill M. Pietrini
                                               Jill M. Pietrini
9                                              *Attorneys for Plaintiffs and Counter-*
                                               *Defendants*
10                                             FIFTY-SIX HOPE ROAD MUSIC, LTD. &
                                               ZION ROOTSWEAR, LLC

11

12
    41407897.2
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Int. Cls.: 3, 6, 9, 14, 16, 18, 21, 24, 25, 26 and 34

Prior U.S. Cls.: 1, 2, 3, 4, 5, 6, 8, 9, 12, 13, 14, 17, 21, 22, 23, 25, 26, 27, 28, 29, 30, 33, 36, 37, 38, 39, 40, 41, 42, 50, 51 and 52

Reg. No. 2,349,361

**United States Patent and Trademark Office**    Registered May 16, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## BOB MARLEY

FIFTY-SIX HOPE ROAD MUSIC LIMITED (BA-
HAMAS INTERNATIONAL BUSINESS COM-
PANY)
AQUAMARINE HOUSE
CABLE BEACH
NASSAU, BAHAMAS

FOR: INCENSE, IN CLASS 3 (U.S. CLS. 1, 4, 6,
50, 51 AND 52).
FIRST USE 0–0–1996; IN COMMERCE
0–0–1996.
FOR: NOVELTY LICENSE PLATE OF NON-
PRECIOUS METAL, IN CLASS 6 (U.S. CLS. 2,
12, 13, 14, 23, 25 AND 50).
FIRST USE 0–0–1995; IN COMMERCE
0–0–1995.
FOR: PLASTIC CASES FOR BEEPERS; MAG-
NETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).
FIRST USE 0–0–1996; IN COMMERCE
0–0–1996.
FOR: JEWELRY; WATCHES; MEDALLIONS,
IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).
FIRST USE 0–0–1994; IN COMMERCE
0–0–1994.
FOR: GREETING CARDS; STICKERS; STA-
TIONERY TYPE PORTFOLIOS; POSTERS;
POSTCARDS; POSTCARD BOOKS; SONG-
BOOKS; DECALS; TRADING CARDS; CALEN-
DARS; NOVELS; BOOKMARKS, IN CLASS 16
(U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).
FIRST USE 0–0–1990; IN COMMERCE
0–0–1990.

FOR: BACKPACKS; FANNY PACKS; WAL-
LETS; TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2,
3, 22 AND 41).
FIRST USE 0–0–1992; IN COMMERCE
0–0–1992.
FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23,
29, 30, 33, 40 AND 50).
FIRST USE 0–0–1995; IN COMMERCE
0–0–1995.
FOR: TEXTILE WALL HANGINGS, IN
CLASS 24 (U.S. CLS. 42 AND 50).
FIRST USE 0–0–1990; IN COMMERCE
0–0–1990.
FOR: T-SHIRTS; THERMAL SHIRTS; JACK-
ETS; HATS; CAPS; SWEATSHIRTS; TIES; BAN-
DANNAS, IN CLASS 25 (U.S. CLS. 22 AND 39).
FIRST USE 0–0–1990; IN COMMERCE
0–0–1990.
FOR: ORNAMENTAL CLOTH PATCHES, IN
CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).
FIRST USE 0–0–1990; IN COMMERCE
0–0–1990.
FOR: SMOKING PIPES , IN CLASS 34 (U.S.
CLS. 2, 8, 9 AND 17).
FIRST USE 0–0–1996; IN COMMERCE
0–0–1996.
BOB MARLEY IS THE NAME OF AN INDI-
VIDUAL WHO IS NOW DECEASED.

SER. NO. 75–489,475, FILED 5–21–1998.

SHANNA BLAUSTEIN, EXAMINING ATTOR-
NEY

# EXHIBIT B

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 3,456,082

## United States Patent and Trademark Office

Registered July 1, 2008

### TRADEMARK
#### PRINCIPAL REGISTER

# ROOTS ROCK REGGAE

FIFTY-SIX HOPE ROAD MUSIC LIMITED (BA-
HAMAS INTERNATIONAL BUSINESS COM-
PANY)
AQUAMARINE HOUSE CABLE BEACH
NASSAU, BAHAMAS

FOR: CLOTHING, NAMELY, T-SHIRTS, HATS
AND CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-1-2004; IN COMMERCE 7-1-2004.

SER. NO. 76-665,673, FILED 9-5-2006.

RONALD AIKENS, EXAMINING ATTORNEY

# EXHIBIT C



**DEAN HELLER**
Secretary of State
555 E. Washington Ave., #4000
Las Vegas, Nevada 89101
(702) 486 2880
Website: secretaryofstate.biz

FILED # Vol 1-89

JAN 2 4 2006

IN THE OFFICE OF
Dean Hill
DEAN HELLER, SECRETARY OF STATE

---

## Application For Registration Of Claim To Right Of Publicity
### (PURSUANT TO NRS 597.800)

---

I, Cedella Marley on behalf of Fifty Six Hope Road Music, Ltd.
_____ Name Claimant _____ OF c/o Bob Marley Music, Inc, 632 Broadway
_____ Address

Suite 901, New York, NY 10012
_____, BEING FIRST DULY SWORN, UNDER PENALTY OF PERJURY,

DEPOSES AND SAYS THAT HE IS THE: (check one box only) the corporation [x] SUCCESSOR IN INTEREST [ ] LICENSEE

OF Robert Nesta Marley
_____ Legal Name of Deceased Person

Bob Marley
_____ Professional Name of Deceased Person

WHO DIED ON May 11, 1981
_____ Date of Death of Deceased Person _____, THAT THE BASIS OF THE CLAIMANT'S CLAIM IS

IS AS FOLLOWS: Hope Road is comprised of the surviving children of Bob Marley,

the rightful heirs, to his Publicity rights.

THAT THE FOLLOWING IS A DESCRIPTION OF THE RIGHTS CLAIMED: All rights in and to the name,

Image, likeness, trademark and other indicia, and other identifiable aspects of

Bob Marley.

---

DATED THIS 12 DAY OF January , 2006 .

BY CLAIMANT: _(signature)_
_____ Signature
Cedella Marley on behalf of Fifty Six Hope Road Music, Ltd.

STATE OF _New York_ , COUNTY OF _New York_ . THIS INSTRUMENT WAS

ACKNOWLEDGED BEFORE ME ON 01/12/2006 .
_____ Date

_Veronica E. Evert_
_____ Notary Signature

Veronica E. Evert
Notary Public State of New York
No. 01EV6106323
Qualified in Nassau County
Commission Expires March 1, 2008

# EXHIBIT D

Int. Cls.: 9, 16, and 25

Prior U.S. Cls.: 21, 36, 38, and 39

Reg. No. 1,866,146

**United States Patent and Trademark Office**   Registered Dec. 6, 1994

## TRADEMARK
### PRINCIPAL REGISTER



TUFF GONG INTERNATIONAL LIMITED (JA-MAICA CORPORATION)
220 MARCUS GARVEY DRIVE
KINGSTON 11, JAMAICA

FOR: MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21 AND 36).
FIRST USE 0–0–1979; IN COMMERCE 0–0–1979.
FOR: POSTERS, UNMOUNTED PHOTO-GRAPHS AND PHOTOGRAPHIC PRINTS, IN CLASS 16 (U.S. CL. 38).
FIRST USE 0–0–1978; IN COMMERCE 0–0–1978.

FOR: T-SHIRTS, HATS, SWEATSHIRTS, IN CLASS 25 (U.S. CL. 39).
FIRST USE 0–0–1978; IN COMMERCE 0–0–1978.
THE MARK COMPRISES IN PART THE REP-RESENTATION OF BOB MARLEY, WHO IS DECEASED.

SN 74–801,867, FILED 1–22–1993.

MICHAEL A. SZOKE, EXAMINING ATTOR-NEY