UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FIFTY-SIX HOPE ROAD MUSIC, LTD.,  )
a Bahamian corporation; and ZION   )
ROOTSWEAR, LLC, a Flordia limited  )
liability company,                 )
                                             ) 2:08-CV-00105-PMP-PAL
        Plaintiffs,               )
                                             ) <u>ORDER</u>
v.                                 )
                                             )
A.V.E.L.A., INC., a Nevada corporation; )
and LEO VALENCIA, an individual,   )
                                             )
        Defendants.               )
                                             )

Presently before the Court is Plaintiffs' Motion in Limine #6 to Exclude Evidence of Unauthorized Third Party Use of Bob Marley's Identity and Persona (Doc. #176), filed June 14, 2010. Defendants filed an Opposition (Doc. #187) on July 7, 2010. Plaintiffs filed a Reply (Doc. #202) on July 16, 2010.

Plaintiffs move to preclude exhibits attached to Douglas Winter's Declaration filed in support of Defendants' Opposition to Plaintiffs' Motion for Summary Adjudication which relate to unauthorized third party use of Bob Marley's identity. Plaintiffs contend these exhibits are unauthenticated hearsay. Plaintiffs also move to preclude any unproduced documents and to prevent disclosure of testimony regarding such unauthorized third party use. Plaintiffs contend this issue has been live since Plaintiffs filed the Complaint, and Defendants should have produced or conducted relevant discovery if they intended to rely on such evidence at trial.

1  Defendants respond that Plaintiffs never asserted trademark rights in Bob Marley's identity until summary judgment, and thus discovery regarding unauthorized third party use of Bob Marley's identity was not pursued.  Defendants contend they specifically asked for discovery relating to unauthorized third party use of Bob Marley's name, likeness, or image, and Plaintiffs responded that such information was irrelevant.  Defendants thus request the Court order Plaintiffs to produce documents in their possession which reflect the unauthorized use of Bob Marley's name and image.  As to the specific exhibits Plaintiffs identify, Defendants contend the Court should defer ruling on them until trial.

The Court will grant Plaintiff's motion as to the specifically identified exhibits.  Defendants' counsel is not a witness in this case, and will not be available to authenticate the Google printout or the printout of the Wolfgang's Vault website.  Even if another witness could authenticate the printouts, Defendants present no evidence or testimony indicating that they could discern which entries on the printouts show authorized versus unauthorized uses of Bob Marley's image.  As to the CNN article, the article is hearsay and Defendants have not identified any hearsay exception or nonhearsay use for the article.

The Court also will grant Plaintiff's motion to the extent it seeks to prevent Defendants from producing at trial any new documents or eliciting testimony regarding unauthorized third party use outside the parameters of what the parties have exchanged in discovery.  The discovery deadline has passed, and production of any new documents or evidence would prejudice Plaintiff.  This Court previously denied Defendants' motion to reopen discovery on this issue, and the Court will not revisit the matter.

DATED: August 31, 2010

_____
PHILIP M. PRO
United States District Judge