UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD., a Bahamian corporation; and ZION ROOTSWEAR, LLC, a Florida Limited Liability company,<br><br>Plaintiffs,<br>v.<br><br>A.V.E.L.A., INC., a Nevada corporation, SCI-FI PRODUCTIONS, INC., dba X One X Movie Archive, Inc., a Nevada corporation, JEM SPORTSWEAR, a California corporation, CENTRAL MILLS, INC. (Freeze), a New York corporation, and LEO VALENCIA, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | 2:08-CV-00105-PMP-PAL<br><br>**ORDER** |

Before the Court for consideration is Plaintiffs' fully-briefed Motion to Submit Additional Evidence Re: Order Adjudicating Defendants' Motion for Summary Judgment as to Plaintiffs' Right of Publicity Claim (Doc. #218) filed October 1, 2010.

When this Court previously ruled on Defendants' Motion for Summary Judgment regarding Plaintiffs' Right of Publicity Claim, the Court held Plaintiffs were obligated to register their rights under Nevada's Right of Publicity Statute within six months of the first use in Nevada of which they knew, or reasonably

should have known. (Doc. #145). The Court further held that genuine issues of material fact existed as to when Plaintiffs first discovered or should have discovered a use in Nevada. As a result, the Court denied Defendants' summary judgement motion as to Plaintiffs' Right of Publicity Claim.

Plaintiffs now move to supplement the evidence with two letters which indicate Plaintiffs knew of third-parties' use of Marley's publicity rights in Nevada more than six months before they registered for publicity rights in Nevada. Plaintiffs produced those documents to Defendants more than a year before Defendants' motion for summary judgment, but neither Defendants nor Plaintiffs presented the letters to the Court in connection with the prior summary judgment motion. Plaintiffs state they "stand ready" to brief whether these letters reflect a "commercial use" by the third-parties under the Nevada publicity rights Statute such that the registration requirement was triggered.

Defendants respond that they are now entitled to summary judgment on the Nevada Publicity Rights Claim, as no issue of fact remains that Plaintiffs were aware of third-party use of Marley's publicity rights more than six months prior to their registration. Defendants also seek sanctions under Rule 11 of the Federal Rules of Civil Procedure, under 28 U.S.C. §1927, and under the Court's inherent powers, based on Plaintiffs' failure to bring forth these letters at summary judgment and forcing Defendants to incur continued expense litigating this claim.

The Court finds the two letters now establish that Plaintiffs were aware of third-party use of Marley's image in Nevada more than six months prior to their registration. Consequently, by their failure to register within those six months, Plaintiffs have waived their publicity rights in Marley's image under Nevada law and Defendants are entitled to summary judgment on the Nevada Publicity Rights Claim. The Court further finds it unnecessary for the parties to brief whether these third-

party uses were "commercial uses" as the Nevada statute applies to "any commercial use" within the State. Nev.Rev.Stat. §597.780. "Commercial use means using the persons name, voice, signature, photograph or likeness" on or in any product, merchandise or goods or for the purposes for advertising, selling or soliciting the purchase of any product, merchandise, goods or service." Id. §597.770(1). The Court finds both letters clearly reference commercial use.

The Court further finds, however, there is no basis to sanction Plaintiffs. Plaintiffs did not fail to disclose the documents to Defendants. Defendants had them approximately a year before Defendants moved for summary judgment and Defendants failed to bring them to the Court's attention as well. Moreover, without any prodding from Defendants, Plaintiffs corrected their oversight. Thus the Court finds no basis for sanctions under §1927, or under the inherent authority of the Court. Finally, Defendants have no basis to seek sanctions under Rule 11 as they have not complied with the requirements of that Rule in seeking the sanctions requested.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Submit Additional Evidence Re: Order Adjudicating Defendants' Motion for Summary Judgment as to Plaintiffs' Right of Publicity Claim (Doc. #218) is **GRANTED.**

**IT IS FURTHER ORDERED** that summary judgment is hereby entered in favor of Defendants and against Plaintiffs on Plaintiffs' claim for violation of Publicity Rights under Nevada law.

///
///
///
///
///

**IT IS FURTHER ORDERED** that Defendants' Request for Sanctions (Doc. #221) is **DENIED**.

DATED: November 2, 2010.

_____
PHILIP M. PRO
United States District Judge