UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FIFTY-SIX HOPE ROAD MUSIC, LTD., a Bahamian corporation; and ZION ROOTSWEAR, LLC, a Flordia limited liability company,

    Plaintiffs,

v.

A.V.E.L.A., INC., a Nevada corporation; and LEO VALENCIA, an individual,

    Defendants.

2:08-CV-00105-PMP-PAL

<u>PARTIAL MONETARY JUDGMENT AND PERMANENT INJUNCTION</u>

    The jury having rendered a verdict on liability in favor of Plaintiffs and Counter-defendants Fifty-Six Hope Road Music, Ltd. ("Fifty-Six Hope Road") and Zion Rootswear, LLC ("Zion") (collectively, "Plaintiffs") and against Defendants and Counterclaimants A.V.E.L.A., Inc. ("AVELA"), Leo Valencia, Sci-Fi Productions, Inc. dba X One X Movie Archive, Inc. ("X One X") (collectively the "AVELA Defendants"), and Defendants JEM Sportswear, Inc. ("JEM"), and Central Mills, Inc. ("Freeze") pursuant to Plaintiffs' claim of unfair competition under 15 U.S.C. § 1125(a), and against the AVELA Defendants as to Plaintiffs' interference with prospective business relationships, the Court makes the following findings:

    On January 23, 2008, Plaintiffs filed their Complaint in this action against AVELA and Leo Valenica. In December 2009, Plaintiffs amended their Complaint to add X One X, JEM, and Freeze as defendants. In their First Amended Complaint, Plaintiffs

alleged that Defendants had committed unfair competition under 15 U.S.C. §1125(a) by falsely associating their products and commercial activities with Plaintiffs by using images of Bob Marley on apparel and merchandise without Plaintiffs' authorization. Plaintiffs also alleged that Defendants interfered with their prospective business relationships.

This case was tried before a jury from January 4, 2011 to January 20, 2011. On January 21, 2011, the jury found as follows:

Bob Marley's identity and persona is a valid and protectable right;

Fifty-Six Hope Road owns a valid right in Bob Marley's identity and persona;

Defendants' use of Bob Marley's identity or person is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Plaintiffs and Defendants, or as to Plaintiffs' participation in the origin, sponsorship, endorsement, or approval of Defendants' goods or commercial activities;

Defendants did not make fair use of Bob Marley's identity and persona;

Defendants used Bob Marley's identity or personal willfully;

The AVELA Defendants interfered with Plaintiffs' prospective business relationship; and

Plaintiffs are entitled to an award of damages of $300,000 against the AVELA Defendants for the AVELA Defendants' interference with Plaintiffs' prospective business relationship.

The Court agrees with and adopts the findings of the jury.

The Court further finds that (1) Plaintiffs will suffer irreparable harm if an injunction is not entered; (2) Plaintiffs have no adequate remedy at law for Defendants' continued unfair competition by their use of Bob Marley's image on apparel and merchandise and the AVELA Defendants' interference with Plaintiffs' business relationships; (3) the balance of hardships between Plaintiffs and Defendants tips in favor of Plaintiffs in entering an injunction; (4) the public interest will be served by entry of the

injunction; and (5) Plaintiffs sell products and services using the identity and persona of Bob Marley in Nevada and throughout the United States, and therefore, a nationwide injunction is proper.

The Court held that the determination of the amount of profits to which Plaintiffs are entitled under 15 U.S.C. § 1117 shall be determined by the Court, not the jury.  The parties stipulated that the total gross receipts received by Defendants from the sale of products bearing an image of Bob Marley from inception through the period ending September 30, 2010 in the following amounts: $2,789,124 for JEM, $64,029 for Freeze, and $362,280 for the AVELA Defendants.  The Court makes no finding as to the net profits of Defendants to which Plaintiffs are entitled at this time.  That determination will be made by the Court following further briefing and hearing.

BASED ON THE FOREGOING, THE COURT ENTERS PARTIAL MONETARY JUDGMENT AND A PERMANENT INJUNCTION AS FOLLOWS:

A.  MONETARY JUDGMENT

<u>Interference with Prospective Business Relationships</u>.  Judgment of $300,000 (Three Hundred Thousand Dollars and No Cents) is entered in favor of Plaintiffs and against the AVELA Defendants, and each of them, jointly and severally, with interest at the rate of 1.88% provided by law.

B.  PERMANENT INJUNCTION

Defendants and their respective (as the case may be) past and present officers, directors, servants, employees, partners, parent entities, subsidiaries, affiliates, representatives, distributors, licensees, related companies, shareholders, successors, assigns, attorneys and agents, and all persons in active concert or participation with any of Defendants or with any of the foregoing, are hereby permanently enjoined from:

1. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, displaying, offering for sale, or selling any goods or services using

the image, likeness, or persona of Bob Marley[1] or any other aspect of Bob Marley's identity and persona that is likely to cause confusion or to cause mistake to deceive persons as to the affiliation, connection, or association of Defendants with Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents.

    2. Granting any third party permission, whether by license, gift, loan, or other grant of rights, to use the image, likeness, or persona of Bob Marley or any other aspect of Bob Marley's identity and persona for use on or in conjunction with goods or services in a manner that is likely to cause confusion or to cause mistake or to deceive persons as to the affiliation, connection, or association of Defendants with Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents.

    3. Implying or suggesting the endorsement of or association with any of Defendants' commercial activities, goods, or services by Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents;

    4. Representing that Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents have endorsed, sponsored, licensed, approved, or are affiliated with Defendants' commercial activities, goods, or services, or that Defendants' commercial activities, goods, or services are affiliated or connected with Plaintiffs, Bob Marley, or the heirs of Bob Marley or their agents.

---

[1] This includes any recognizable manifestation of Bob Marley's image, such as, but not limited to, photographs of Bob Marley, drawings of Bob Marley, paintings of Bob Marley, motion picture stills featuring Bob Marley, lithographs of Bob Marley, concert posters depicting Bob Marley, and album covers depicting Bob Marley.

4

        5.  Assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-paragraphs (1) to (4) inclusive, above.

### C.  DELIVER OR DESTRUCTION OF INFRINGING ARTICLES

Within twenty (20) court days of the Court's entry of the Partial Monetary Judgment and Permanent Injunction, Defendants shall deliver to counsel for Plaintiffs: (a) all goods in their possession, custody, or control bearing the image, likeness, or persona of Bob Marley; and (b) all catalogs, advertisements, marketing materials, promotional materials and items, flyers, and posters bearing the image, likeness, or persona of Bob Marley.  Defendants shall also recall from all licensees, wholesalers, distributors, and retailers goods bearing the image, likeness, or persona of Bob Marley licensed form Defendants, as well as any catalogs, advertisements, marketing materials, promotional materials and items, flyers, and posters related thereto in their possession, and to deliver same to counsel for Plaintiffs.

### D.  TERMINATION OF AGREEMENTS

Within twenty (20) days of the Court's entry of the Partial Monetary Judgment and Permanent Injunction, Defendants shall terminate or rescind any and all viable or subsisting license agreements, assignments, gift agreements, loan agreements, or other grants of rights permitting any third party to the use image, likeness, or persona of Bob Marley on or in conjunction with goods and services, or restructure any such agreement to exclude permission o to use the image, likeness, or persona of Bob Marley on or in conjunction with goods and services.

### E.  PROOF OF COMPLIANCE

Within sixty (60) days of the Court's entry of the Partial Monetary Judgment and Permanent Injunction, Defendants shall serve upon Plaintiffs a declaration under penalty of perjury that they have each complied with the terms of the Partial Monetary Judgment and

Permanent Injunction, including the delivery of all goods described above in paragraph B and the termination, rescission, or restructuring of agreements described above in paragraph D.

### F.  DISMISSAL OF COUNTERCLAIMS

Defendants' counterclaims are moot and are hereby dismissed with prejudice.

### G.  VIOLATION OF PERMANENT INJUNCTION - CONTEMPT OF COURT

In the event that any part of this Permanent Injunction is violated by Defendants, or by any of their present or former officers, directors, agents, servants, employees, shareholders, partners or representatives, or by; any person in active concert and participation with Defendants that receives notice of this Permanent Injunction, Plaintiffs may file and serve a motion for contempt seeking damages, attorneys' fees and/or other appropriate relief.

### H.  VIOLATION OF PERMANENT INJUNCTION - PREVAILING PARTY FEES AND COSTS

In an action or proceeding based upon an allegation that a party has violated this Permanent Injunction, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, and other costs incurred in connection wit the action or proceeding.  This paragraphs shall not be construed to limit any party's rights, remedies or procedural options.

### I. BINDING EFFECT

This Partial Monetary Judgment and Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and other persons who are in active concert or participation with anyone described herein, who receive actual notice of this injunction by personal service or otherwise.

///

### J. CONTINUING JURISDICTION

This Court shall retain jurisdiction to enforce this Partial Monetary Judgment and Permanent Injunction.

DATED: February 14, 2011

_____
PHILIP M. PRO
United States District Judge