UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> A.V.E.L.A., INC., et al., <br><br> Defendants. | 2:08-CV-00105-PMP-PAL <br><br><br> **ORDER** |

On February 14, 2011, the Court entered a Partial Monetary Judgment and Permanent Injunction (Doc. #307) reflecting the verdict rendered by the jury in the above case on January 21, 2011, and this Court's determination regarding warranted injunctive relief. There remains before the Court, however, the question of how best to resolve the issue of disgorgement of Defendants' profits to which Plaintiffs may be entitled in accord with 15 U.S.C. §1117.

In their post-trial filing of January 28, 2011 (Doc. #304) Plaintiffs' stated their intention to file a motion for increased profit under §1117. Defendants responded that they would oppose any motion for disgorgement of profits to Plaintiffs (Doc. #305). At the status conference conducted February 4, 2011 (Docs. #306 & #308), the matter of how best to address the question of disgorgement of profits was left unresolved and submitted to the Court for further order.

Having considered the record of these proceedings, the Court finds that the

evidence upon which the Court may determine the amount of Defendants' profits to be disgorged is incomplete.  The Court recognizes Plaintiffs' position that Defendants have essentially waived their right to produce further evidence concerning gross sales subject to disgorgement, or costs incurred which might appropriately be offset against gross profits.  Nonetheless, the Court finds it appropriate to make a judgment regarding disgorgement of profits based upon a complete understanding of Defendants' net profits derived from conduct found by the jury at trial to be violative of Plaintiffs' right in Bob Marley's identity and persona.

**IT IS THEREFORE ORDERED that** discovery in this case is hereby reopened for a period of ninety (90) days, to and including June 7, 2011 for the limited purpose of enabling the Parties to conduct post-trial discovery on the issue of profits derived by Defendants from the use of Bob Marley's identity and persona which may reasonably be subject to disgorgement to Plaintiffs.

**IT IS FURTHER ORDERED that** Plaintiffs shall thereafter have to and including June 21, 2011 within which to file Plaintiffs' motion for disgorgement of profits under 15 U. S. C. §1117.  Defendants shall thereafter to and including July 5, 2011 within which to file their response to Plaintiffs' motion, and Plaintiffs shall have to and including July 15, 2011 within which to file a reply memorandum.

DATED:  March 7, 2011

_____
PHILIP M. PRO
United States District Judge