# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD., et al., | 2:08-cv-00105-PMP-GWF |
| Plaintiffs, | **ORDER** |
| v. | |
| A.V.E.L.A., INC., et al., | |
| Defendants. | |

The Court has received the attached letter, dated May 24, 2012, from counsel for Pricepoint Accessories d/b/a Section 8, inquiring into the procedure for seeking attorney's fees and costs resulting from Pricepoint's defense of Plaintiffs' Motion for Contempt.

**IT IS ORDERED** that the letter received from Pricepoint shall be filed by the Clerk of Court.

**IT IS FURTHER ORDERED** that any Party or Non-Party seeking to recover attorney's fees or costs related to this action shall do so by filing an appropriate motion which the Court will consider after full briefing in the ordinary course.

DATED: May 29, 2012.

PHILIP M. PRO
United States District Judge

05/25/2012 02:31 FAX 2129471202          LOCKE LORD BISSELL                            ☒001/002
Case 2:08-cv-00105-PMP -GWF   Document 381   Filed 05/29/12   Page 2 of 3



# Locke Lord LLP
Attorneys & Counselors

Three World Financial Center
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Jason Nardiello
Direct Telephone: 212-415-8564
Direct Fax
jnardiello@lockelord.com

May 24, 2012

Hon. Philip M. Pro
United States Federal Judge
Lloyd D. George U.S. Courthouse
U.S. District Court, District of Nevada
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

Re:   Fifth-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., et al
      U.S. District Court of Nevada Index No. 2:08-cv-00105-PMP-GWF

Hon. Judge Pro:

    We write on behalf of two specially-appearing licensees in the above-referenced action, Pricepoint Accessories d/b/a Section 8 ("Section 8"), our client, and JGR Copa who is represented by Robert Kain, Jr. Both Section 8 and JGR Copa made special appearances in this matter (after being granted your permission) in order to oppose Plaintiff's motion for contempt arising out of an Injunction issued by your Honor. Now we write because Section 8 and JGR Copa wish to recover their reasonable fees and costs.

    By Order dated and entered on May 18, 2012, the Court denied Plaintiff's motion in its entirety. As the Order indicates, Plaintiff's motion was denied not only as to Defendant AVELA, but also as to its sublicensees (including Section 8 and JGR Copa) on the basis that Plaintiff did not meet its burden of proof.

    Defending our clients in this matter was not free, and this was not a battle our clients ever desired to fight. While your Honor's generous accommodations, such as not requiring our clients to retain local counsel, helped alleviate the burden and cost somewhat, the expenses incurred were still significant—and reflective of the seriousness of the allegations propounded by the Plaintiff. Part H. of the Permanent Injunction issued on February 14, 2011 indicates that "In an action or proceeding based upon an allegation that a party has violated this Permanent Injunction, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees and other costs incurred in connection with the action or proceeding." We ask the Court to grant us our fees and costs pursuant to this section and are prepared to submit affidavits with supporting documentation to substantiate those fees and costs.

    While the language in Part H. of the injunction is straightforward, we request the Court's guidance with respect to our presentation of our request for fees and costs. We hope that this letter and the to-be provided affidavits will be sufficient for this purpose. If the Court agrees, we could deliver the supporting affidavits within one week of receiving the Court's permission to file. Our preference would be to submit the affidavits and attendant exhibits under seal for *in camera* review.

Atlanta, Austin, Chicago, Dallas, Hong Kong, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC

NY 674353

Hon. Philip M. Pro
May 24, 2012
Page 2

    If the Court would like to see this handled by formal motion, it is the undersigned's belief that a limited briefing schedule would suffice, with answering briefs being due within 5 days after the filing of Section 8 and JGR Copa's briefs. So as to limit any further unnecessary expense, the parties request that if the Court grant oral argument that such argument be conducted by telephone.

    Of course, we leave all such final logistics to the Court as it sees fit and look forward to your guidance and suggestions. We are available at the Court's convenience to discuss.

Best regards,

Jason Nardiello

JN:jn

NY 674353