UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD., *et al.*,<br><br>                 Plaintiffs,<br>v.<br><br>A.V.E.L.A., INC., *et al.*,<br><br>                 Defendants. | 2:08-cv-00105-PMP-GWF<br><br>**ORDER** |

On January 21, 2011, the Jury returned verdicts in favor of Plaintiffs, finding that Defendants A.V.E.L.A., ("AVELA"), Leo Valencia, Sci-Fi Productions, Inc., dba X One X Movie Archive, Inc., ("X1X") (collectively the "AVELA Defendants"), JEM Sportswear, Inc. ("JEM") and Central Mills, Inc. ("Freeze") willfully infringed Plaintiffs' rights in the persona and identity of Bob Marley. (Doc. #301). On February 14, 2011, the Court entered a Partial Monetary Judgment and Permanent Injunction (Doc. #307), and in accord with the verdict of the Jury, entered an Monetary Judgment in the amount of $300,000.00 in favor of Plaintiffs and against the AVELA Defendants.

On June 21, 2011, Plaintiffs filed a Motion for Entry of Judgment for an Award of Defendants Profits and Increased Profits and For Increased Profits Pursuant to 15 U.S.C. §1117 (Doc. #329). Post-trial discovery has been taken concerning this matter, and on May 16, 2012, the Court conducted a hearing regarding the foregoing motion. (Doc. #377).

/ / /

Title 15, U.S.C. §1117(a) permits an award to Plaintiffs of Defendants' profits based on a violation of the Lanham Act, in the Court's discretion, and subject to principles of equity.  Plaintiffs correctly argue that Defendants' gross revenues are established by the Stipulation Re: Defendants' Gross Sales and Gross Receipts (Doc. #247), at $362,280.00 for the AVELA Defendants, $64,029.00 for Freeze, and $2,791,232.00 for JEM. Defendants contend the foregoing gross revenues must be reduced by deductible costs incurred in generating the gross profits.  In this regard, Defendants correctly argue that they successfully prevailed before trial on three of the five claims brought by Plaintiffs in this action.  Additionally, Defendants argue that the $300,000.00 damages award on the interference claim already made by the Jury, and the injunctive relief granted by the Court, are sufficient to satisfy any claim for damages Plaintiffs are shown to have suffered. Thus, argue Defendants,  the Court should exercise its discretion under §1117(a) and deny Plaintiffs' motion for an award of Defendants' profits and for enhanced profits.

The Court rejects JEM's argument that the evidence at trial was insufficient to support the Jury's verdicts. The evidence that JEM acted with an intent to deceive consumers or that JEM caused actual money or reputational damages to Plaintiffs or to the Marley persona is weak, and in the view of this Court does not warrant a request for an enhanced award against JEM.  The Court concludes that any award of profits generated by JEM by the sale of Marley products should be limited to $413,638.29 which the Court finds represents JEM's net gross profits after deduction of all direct costs established in the record before the Court.

Similarly, the Court finds that the stipulated gross revenues garnered by Freeze from the sale of Marley t-shirts of $64,029.00 should be reduced by $44, 753.46 incurred as costs of production and royalties, warranting a recovery in favor of Plaintiffs only of Freeze's net profits in the amount of $19,246.54.

///

The Court considers the evidence adduced at trial to be significantly stronger with respect to the willfulness of the AVELA Defendants.  Nonetheless, the award of $300,000.00 against the AVELA Defendants on the interference claim is significant.   The Court further finds that beyond the $15,000.00 royalty paid to Roberto Rabanne, the AVELA Defendants have failed to demonstrate entitlement to deductions against gross revenue incurred with respect to V International Publishing, Inc., or for purported trade show overhead.  The Court thus finds the AVELA Defendants' net profits of $348,543.00 are attributable to their infringement, are hence ill-gotten profits which should, in accord with §1117(a) be disgorged to Plaintiffs. The Court, however, rejects Plaintiff's arguments for an additional enhanced profits award against the AVELA Defendants.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Entry Of Judgment For An Award Of Defendants' Profits (Doc. #329) is **GRANTED** to the extent that Defendant JEM shall, within 30 days of the date of this Order pay to Plaintiffs the sum of $413,638.29,  Defendant Freeze shall, within 30 days of the date of this Order pay to Plaintiffs the sum of  $19,246.54, the AVELA Defendants shall, within 30 days of this Order pay to Plaintiffs the sum of $348,543.00 as and for lost profits.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Judgment for an Award of Defendants Profits and Increased Profits and For Increased Profits Pursuant to 15 U.S.C. §1117 (Doc. #329) is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forthwith enter Judgment in accord with the monetary awards Ordered above.

DATED: July 3, 2012.

PHILIP M. PRO
United States District Judge