# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FIFTY-SIX HOPE ROAD MUSIC, LTD., et al., )
)
                    Plaintiffs, )   Case No. 2:08-cv-00105-APG-GWF
)
vs. )   **ORDER**
)
A.V.E.L.A., INC., *et al*., )
)
                    Defendants. )
_____)

      This matter is before the Court on Plaintiffs' Third Motion to Compel Discovery (ECF No. 509), filed on October 3, 2016. Defendants filed an Opposition (ECF No. 513) on October 17, 2016. Plaintiffs did not file a reply brief. Also before the Court is Plaintiffs' Motion for Sanctions (ECF No. 511), filed on October 5, 2016. Defendants filed an Opposition (ECF No. 514) on October 21, 2016. Plaintiffs did not file a reply. The Court conducted a hearing in these matters on November 7, 2016. After considering the papers submitted by the parties, as well as oral argument by counsel, the matter having been submitted following argument for decision, and good cause appearing, the Court will grant Plaintiffs' motions.

      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a organization served with a notice or subpoena for a deposition must designate one or more officers, directors, or managing agents to testify on its behalf. The Rule further provides that the designated person "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The organization has a duty to ensure that its designee is fully and unevasively prepared to answer questions regarding the designated subject matter. *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008) (citing *Starlight International, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D.Kan.1999)); *Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 75

(D.Neb.1995) ("If the rule is to promote effective discovery regarding corporations, the spokesperson must be informed."); *In re: Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 (D.D.C. 2003)(corporation is obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics and facts known to the corporation or its counsel). This duty extends to preparing the witness on designated topics "not only within the personal knowledge of the witness but on matters reasonably known by the responding party." *Id.*

Defendant Valencia, who was Defendant A.V.E.L.A.'s Rule 30(b)(6) designated deponent, failed to adequately prepare for or produce documents in response the deposition topics and requests noticed by Plaintiffs. Mr. Valencia is the sole officer/operator of A.V.E.L.A. As such, he is the only person who could properly testify on A.V.E.L.A.'s behalf. In addition, Mr. Valencia is the only person with possession of the requested documents held by A.V.E.L.A. He knows where they are and if A.V.E.L.A. does not possess them, he would know who, if anyone, does possess them. Therefore, the Court finds that Mr. Valencia was required under Rule 30(b)(6) of the Federal Rules of Civil Procedure to adequately prepare for the deposition and his failure to do so makes it appropriate to grant Plaintiffs' motion to compel additional depositions of all three Defendants.[1] However, to the extent certain questions were answered satisfactorily at the first deposition and those questions are not disputed by Plaintiffs, the Court does not authorize Plaintiffs to revisit those issues during the follow-up deposition.

The Court also finds that sanctions are appropriate here. Rule 37 of the Federal Rules of Civil Procedure provides that a "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a court order compelling a person for examination], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c). The Court originally ordered Mr. Valencia to appear for depositions in January 2015. *See Minutes of Proceedings* (ECF No. 475). The Court again allowed Plaintiffs until May 31, 2016 to take

---

[1] The Court rejects Defendants' argument—because there is no authority for it—that a small corporation, closely held corporation, or corporation that is owned and operated by a sole shareholder/officer is exempt from the requirements to prepare for the deposition topics under Rule 30(b)(6). The Rule itself makes no distinction between types of corporations.

further depositions of Mr. Valencia, individually and on behalf of the corporate Defendants. *See Minutes of Proceedings* (ECF No. 506). That deadline was extended to June 30, 2016. *Order* (ECF No. 508). When the depositions finally occurred, Plaintiffs' counsel was required to travel from Massachusetts to California only to have A.V.E.L.A.'s 30(b)(6) deponent, Mr. Valencia, unprepared to testify. Therefore, the court will sanction Defendants A.V.E.L.A., X ONE X, and Mr. Valencia, as an individual because he was the deponent and was the person in possession of the information and documents at issue, in the form of reasonable attorneys' fees and costs associated with taking the depositions as well as bringing the instant motion. Finally, the Court will hold in abeyance imposing sanctions against Defendants' counsel, Michael Adele, so long as the sanctions that are imposed are paid by Defendants. The Court is not convinced that Mr. Valencia's failure to adequately prepare for the deposition was Mr. Adele's fault. If, however, Defendants resist paying the sanctions, the Court will revisit the issue of sanctioning Defendants' counsel. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Third Motion to Compel Discovery (ECF No. 509) and Plaintiffs' Motion for Sanctions (ECF No. 511) are **granted**.

**IT IS FURTHER ORDERED** that Counsel for Plaintiffs shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the depositions and motions addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

**IT IS FURTHER ORDERED** that Defendants shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

1 **IT IS FURTHER ORDERED** that Counsel for Plaintiffs shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 16th day of November, 2016.

                                                                                 _____
GEORGE FOLEY, JR
United States Magistrate Judge