# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FIFTY-SIX HOPE ROAD MUSIC, LTD., et al.,

           Plaintiffs,

vs.

A.V.E.L.A., INC., *et al*.,

           Defendants.

Case No. 2:08-cv-00105-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff Fifty-Six Hope Road Music, Ltd.'s ("Plaintiff") Memorandum in Support of Application for Award of Attorney's Fees and Costs (ECF No. 518), filed on November 29, 2016. Defendants filed their Response (ECF No. 519) on December 13, 2016. Plaintiff did not file a reply.

## BACKGROUND

This is a copyright infringement case, wherein the AVELA Defendants[1] were found to have infringed upon Plaintiff's rights to the name, image, and likeness of reggae performer Robert Nesta "Bob" Marley. Following trial, Plaintiff has pursued post-verdict discovery pursuant to Federal Rule of Civil Procedure 69 in order to collect on the $2,248,860.27 in judgements owed to Plaintiff. Plaintiff served a Fed. R. Civ. P. 30(b)(6) deposition notice on the AVELA Defendants, which was scheduled to occur on July 12, 2016. Although the AVELA Defendants appeared for the deposition, Plaintiff argued that they were inadequately prepared to testify regarding the noticed topics. Thereafter, Plaintiff filed a Motion to Compel (ECF No. 509) and corresponding Motion for Sanctions (ECF No. 511) seeking to compel the AVELA Defendants to attend another

---

[1] The AVELA Defendants include: A.V.E.L.A, Inc., X One X Movie Archive, Inc. and Leo Valencia.

deposition in order to obtain the requested information. The Court granted Plaintiff's motion to compel and found that the AVELA Defendants were inadequately prepared for the July 12, 2016 deposition and awarded Plaintiff its reasonable attorney's fees and costs incurred in connection with taking the deposition as well as bringing its motion to compel and motion for sanctions. *See Order* (ECF No. 517). Plaintiff now seeks an award of $16,452.09, which encompasses the hours expended preparing for and attending the deposition, preparing the motion to compel and preparing the motion for sanctions.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests a total of $16,452.09 in attorney's fees and costs associated with preparing for and attending the deposition, preparing the motion to compel and preparing the motion for sanctions. Plaintiff requests the following reimbursement: (1) $9,002.50 for 27.7 hours spent preparing for and attending the deposition, (2) $4,170.00 for 13.8 hours spent preparing its motion to compel and (3) $390.00 for 1.2 hours spent preparing its motion for sanctions. These fees are

based on an hourly rate of $325 for work performed by Timothy J. Ervin, Esq. and $250 for work performed by Mr. Ervin's associate referenced as "CGC." After reviewing Plaintiff's Memorandum in Support of Application and Award of Attorney's Fees and Costs along with the declaration of Timothy J. Ervin, Esq., the Court finds that Plaintiff has offered sufficient evidence that the hourly rates of $325 and $250 are reasonable.

The AVELA Defendants argue that Plaintiff should not be awarded all of the fees requested that relate to preparing for and attending the July 12, 2016 deposition. The AVELA Defendants seek reduction of these fees because "Defendants provided substantive and complete responses to numerous topics and Plaintiff's derived continuing benefits from at least some of its counsel's preparation for the deposition and the deposition themselves." *Response* (ECF No. 519), 2:4-7. The Court agrees. Plaintiff derived some benefit from the July 12, 2016 deposition. Consequently, it is not entitled to the full amount of fees sought. Rather, the Court finds that it is entitled to half of the requested amount. The Court therefore awards Plaintiff $4,501.25 for fees associated with preparing for and attending the July 12, 2016 deposition. Along the same lines, Plaintiff requests reimbursement of costs in the amount of $2,889.59 associated with the July 12, 2016 deposition. Because Plaintiff derived some benefit from the July 12, 2016 deposition, the Court will award Plaintiff half of those requested costs in the amount of $1,444.80.

The AVELA Defendants also argue that Plaintiff is not entitled to fees associated with bringing the motion to compel because the AVELA Defendants agreed to voluntarily sit for a further deposition prior to Plaintiff's filing of the motion. *Response* (ECF No. 519), pg. 5. Therefore, the AVELA Defendants assert that the motion to compel was moot and unnecessarily brought. *Id.* The Court is not persuaded by this argument. The AVELA Defendants did not properly prepare for the July 12, 2016 deposition and continually asserted that they had in response to Plaintiff's post-deposition meet and confer attempts. Plaintiff had no indication that the AVELA Defendants would adequately prepare for a follow-up deposition without court intervention. Under these circumstances, Plaintiff was not obligated to accept the AVELA Defendants' offer to re-sit for a deposition and it was reasonable for Plaintiff to continue with the motion to compel and to obtain a court order. The Court will award Plaintiff its reasonable attorney's fees associated with

the motion to compel in the amount of $4,170.00.

Lastly, the AVELA Defendants did not argue against awarding Plaintiff fees associated with bringing the motion for sanctions and the Court finds that Plaintiff is entitled to those fees. The Court will award Plaintiff its reasonable attorney's fees incurred by preparing the motion for sanctions in the amount of $390.00.

Thus, based on the reasonable hourly rates discussed above, the Court will award attorney's fees in the amount of $9,061.25 and costs in the amount of $1,444.80 for a total of $10,506.05. The relevant factors are subsumed in this calculation of the reasonable attorney's fees and costs, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Fifty-Six Hope Road Music, Ltd.'s ("Plaintiff") Memorandum in Support of Application for Award of Attorney's Fees and Costs (ECF No. 518) is **granted**, in part. The AVELA Defendants are ordered to pay Plaintiff the total sum of $10,506.05 no later than **February 6, 2017**.

DATED this 4th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge