# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD., et al., | )<br>) |
| Plaintiffs, | ) Case No. 2:08-cv-00105-APG-GWF<br>) |
| vs. | ) **ORDER**<br>) |
| A.V.E.L.A., INC., *et al*., | )<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Plaintiff's Motion to Enforce Sanctions Award (ECF No. 527), filed on February 23, 2017. Defendants' filed an Opposition (ECF No. 532) on March 9, 2017. Plaintiffs did not file a reply. The Court conducted a hearing in this matter on March 23, 2017.

In the Court's November 17, 2016 Order granting Plaintiffs' third motion to compel and motion for sanctions, the Court stated as follows:

> Finally, the Court will hold in abeyance imposing sanctions against Defendants' counsel, Michael Adele, so long as the sanctions that are imposed are paid by Defendants. The Court is not convinced that Mr. Valencia's failure to adequately prepare for the deposition was Mr. Adele's fault. If, however, Defendants resist paying the sanctions, the Court will revisit the issue of sanctioning Defendants' counsel.

*Order* (ECF No. 517), pg. 3, lns. 8-12.

The sanction award was due to be paid by Defendants on February 6, 2017. It was not paid. Plaintiffs therefore seek to hold Defendants' counsel, Mr. Adele, responsible for those sanctions as was contemplated by the Court in it's November 17, 2016 Order.

. . .

Over the course of this protracted litigation, it has become apparent to the Court that Mr. Valencia has no intention of complying in good faith with Court orders or his obligations to provide post-judgment discovery to Plaintiffs. Rather, the Court believes that Mr. Valencia will do everything in his power to avoid disclosure of his assets. This is clearly beyond his counsel's control and the Court will not hold Mr. Adele accountable for his client's utter disregard for this Court's orders. That being said, however, Mr. Adele's argument that a Rule 30(b)(6) deponent, who is the sole owner and sole employee of a business, is not required to prepare for a deposition was frivolous and could arguably have played a role in Mr. Valencia's failure to prepare for his deposition. Therefore, the Court will impose a limited sanction upon Mr. Adele in the amount of $1,500. The Court emphasizes that this sanction is primarily the result of Mr. Adele's frivolous argument because even if Mr. Adele did everything in his power to persuade his client to adequately prepare for the deposition, it is not certain (or plausible to believe) that Mr. Valencia would have actually done so. In that situation, Mr. Adele could not be sanctioned. Mr. Adele can be sanctioned, however, for his frivolous argument. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Sanctions Award (ECF No. 527) is **granted**, in part. Michael Adele, Esq. is sanctioned in the amount of $1,500. Mr. Adele is ordered to pay Plaintiffs the $1,500 sanction award no later than **September 18, 2017**.

DATED this 16th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge